Joseph E. Tesch (3219)
Tesch Law Offices
314 Main Street, 2nd Floor
Park City, UT 84060
Telephone:     (435) 649-0077
Facsimile:     (435) 649-2561



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HELEN DIANE McCARTHY, also known as Helen Diane McCarthey, an individual<br><br>Plaintiff,<br>vs.<br><br>MICHAEL HEATH JOHNSON, an individual, ROLLING STONE (PTY) LTD., ROLLING STONE (S.A.), JOHNSON GENEVA (USA) LTD., AND ALL PREDECESSOR AND SUCCESSOR COMPANIES,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO RENEW JUDGMENT**<br><br>Civil No. 87-C-0944-S<br><br>JUDGE DAVID SAM |

Plaintiff, HELEN DIANE McCARTHY, by and through her counsel of record, Tesch Law Offices, hereby submits this Memorandum in Support of Plaintiff's Motion to Renew Judgment against Defendant, MICHAEL HEATH JOHNSON.

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, the law of the state in which the United States District Court is located governs "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution…except that any statute of the United States governs to the extent that it is applicable." No federal statute sets forth the time period during which a federal judgment is

enforceable. Consequently, Utah law applies to the duration of federal judgments issued by this court. McCarthy v. Johnson, 35 F.Supp.2d 846, 847 (D. Utah 1997).

Section 78-12-22 of the Utah Code Annotated sets forth an eight year statute of limitations for actions "upon a judgment or decree *of any court of the United States*, or of any state or territory within the United States." (Emphasis added.) Although Utah law defines the limitations period for an action of a federal judgment, this Court retains jurisdiction to enforce and/or renew the prior judgment. In Utah, a renewal of judgment may "proceed by motion with appropriate service on the judgment debtor." McCarthy, 35 F.Supp.2d at 848, *aff'd*, No. 98-4003 (CA-10/DU, Feb. 3, 1999) (see "Exhibit A," attached unpublished decision).

Plaintiff previously effectively renewed the August 6, 1990 judgment by a Motion to Renew Judgment, which was filed December 17, 1997. McCarthy, 35 F. Supp.2d at 849. Since Plaintiff's Motion to Renew Judgment was commenced prior to August 6, 1998 (the eight year statute of limitations), the order entered by this Court effectively renewed the judgment. Id. Likewise, since the Plaintiff's current Motion to Renew Judgment is commenced prior to December 17, 2005 (the eight year statute of limitations), any order entered by this Court, even after the expiration of the statute of limitations, will effectively renew the judgment. See Michael v. Smith, 221 F.2d 59, 61 (D.C. Cir. 1955). Furthermore, the principal amount of the renewed judgment is equal to the unpaid balance of the judgment, plus interest through the date of its renewal, plus costs; from the date of renewal, interest will then accrue on the principal amount of the renewed judgment. See United States v. Hannon, 728 F.2d 142, 143 (2nd Cir. 1984).

No payment whatsoever has been made by Defendant, Michael Heath Johnson, on the August 6, 1990 judgment. Therefore, Plaintiff respectfully requests judgment be renewed in the

amount of $14,176,658.46[1] as of December 17, 2005 plus $1,475.34 per day thereafter, which total amount represents the following: renewed judgment amount up to and including December 3, 1997, in the amount of $9,848,191.50[2], plus $1,347.96 per day up to and including December 16, 1997[3], in the amount of $17,523.48[4]; accrued interest at the rate of 5.468%[5], from December 17, 1997 up to and including December 17, 2005 in the amount of $4,310,943.48[6], plus $1475.34 per day each day after December 17, 2005 until the judgment is renewed[7].

DATED this ____ day of December, 2005

TESCH LAW OFFICES

_____
Joseph E. Tesch
Attorneys for Plaintiff

---

[1] $9,848,191.50 + $17,523.48 + $4,310,943.48 = $14,176,658.46
[2] See "Exhibit B," Order re: Renewal of Judgment, filed Dec. 17, 1997
[3] Id.
[4] $1,347.96 * 13 days (December 4, 1997 – December 16, 1997) = $17,523.48
[5] www.utd.uscourts.gov/documents/int1997.html
[6] December 17, 1997 – December 17, 2005 = 2,922 days
.05468 (interest rate) / 365 (days in a year) * $9,848,191.50 = $1,475.34 per day
2,922 * $1,475.34 = $4,310,943.48
[7] .05468 (interest rate) / 365 (days in a year) * $9,848,191.50 = $1,475.34 per day

## CERTIFICATE OF SERVICE

I hereby certify that on December __13th__, 2005, I caused to be mailed by United States Mail, postage prepaid, the original copy of the forgoing to:

Paul T. Moxley
HOLME ROBERTS & OWEN
299 South Main Street, #1800
Salt Lake City, Utah 84111

Judd Burstein, P.C.
1790 Broadway, Ste. 1501
New York, NY 10019

Kevin J. Kurumada
150 South 600 East, #5C
Salt Lake City, Utah 84102

_[signature]_

# EXHIBIT A

Westlaw.

172 F.3d 63 (Table) Page 1

172 F.3d 63 (Table), 1999 WL 46703 (10th Cir.(Utah)), 1999 CJ C.A.R. 620
**Unpublished Disposition**

(Cite as: 172 F.3d 63, 1999 WL 46703 (10th Cir.(Utah)))

**H**

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.
Helen Diane McCARTHY, Plaintiff--Appellee,
v.
Michael Heath JOHNSON, Defendant--Appellant,
and
Keith Brown; Rolling Stone (PTY) LTD.; Rolling Stone (S.A.), Defendants.
**No. 98-4003.**

Feb. 3, 1999.

Before SEYMOUR, ANDERSON and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ANDERSON.

**\*\*1** After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

The dispositive issue in this case is whether, under Utah law, a judgment can be renewed by way of a motion and notice filed in the original case, or whether it is necessary to file and serve a new complaint. The district court held that a motion and notice in the original case will suffice to renew a judgment. We agree, and affirm.

BACKGROUND

In December 1988, Helen Diane McCarthy sued Michael Heath Johnson in federal district court in Utah, alleging that Johnson had defrauded her out of more than $6 million. Soon thereafter, Johnson answered McCarthy's Complaint. In August 1990, however, apparently as penalty for various discovery violations, the district court struck Johnson's Answer and entered default judgment against Johnson in the amount of $6,243,738. Johnson has not paid the judgment.

In June 1997, McCarthy filed a motion to renew the judgment, pursuant to Federal Rule of Civil Procedure 69(a). Johnson opposed the motion, arguing that Rule 69(a) does not provide a basis to renew judgments, and that even if it did, Utah law requires a litigant wishing to renew a judgment to file and serve a new complaint and summons. In December 1997, the district court issued a memorandum and order rejecting Johnson's arguments and holding that McCarthy could, under federal procedural rules and state substantive law, renew a judgment by filing a motion in the original case and serving notice of that motion to the opposing party.

Johnson appeals, pursuing the same arguments he

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

172 F.3d 63 (Table) Page 2

172 F.3d 63 (Table), 1999 WL 46703 (10th Cir.(Utah)), 1999 CJ C.A.R. 620
**Unpublished Disposition**

**(Cite as: 172 F.3d 63, 1999 WL 46703 (10th Cir.(Utah)))**

raised in the district court.

## DISCUSSION

Johnson first asserts that Rule 69(a) does not provide a basis for the renewal of judgments. This formalistic argument does not help him. Regardless of whether renewal of a judgment may be sought through Rule 69 or through some other method, it cannot be seriously disputed that the renewal of a judgment is relief that may be appropriately sought in the district court. Some federal courts have allowed litigants to seek such relief through a Rule 69(a) motion. *See United States v. Fiorella*, 869 F.2d 1425 (11th Cir.1989); *Urban Resorts Group v. Wheeler*, No. 82-2470, 1996 WL 28507 (E.D.La. Jan.22, 1996). Authority also exists for allowing such motions under Fed.R.Civ.P. 81(b), which provides that "[r]elief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed by these rules." *See* 12 Charles A. Wright et al., Federal Practice and Procedure § 3134 (1997) (stating that "[t]he relief formerly available by scire facias included the revival of judgments"). In short, however couched, we think it beyond question that renewal of a judgment is a type of relief available to litigants, and that the requirements governing the granting of such relief are governed by state law. *See* Fed.R.Civ.P. 69(a) (stating that "[t]he procedure ... shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought"); *see also Donellan Jerome, Inc. v. Trylon Metals, Inc.*, 11 Ohio Misc. 265, 270 F.Supp. 996, 998 (N.D.Ohio 1967) (stating that "[u]nless a federal statute provides otherwise, the practice relative to the revival of dormant judgments is to be governed by state law"). However, because supplementary proceedings were "meant to be swift, cheap, [and] informal," *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir.1993), "[s]ubstantial compliance with the procedural provisions of [any controlling state] statutes [or case law] is sufficient," 12 Charles A. Wright et al., *Federal Practice and Procedure* § 3012, at 154 (1997).

\*\*2 Thus, we must look to Utah law to determine how litigants must proceed to renew a judgment. The dispute in this case is whether Utah law allows a party to renew a judgment by filing a motion and serving notice in the same case. McCarthy argues that Utah law supports such a conclusion, while Johnson argues that Utah law requires a party to file and serve a new complaint and summons. Both parties cite *Von Hake v. Thomas*, 858 P.2d 193 (Utah Ct.App.), *cert. granted*, 868 P.2d 95 (Utah 1993), *opinion after remand*, 881 P.2d 895 (Utah Ct.App.1994), as supporting their respective positions.

While there is certainly some ambiguity in the *Von Hake* opinion, we are satisfied that the opinion, at least implicitly, stands for the proposition that a renewal action is merely a continuation of the original lawsuit and can be brought by motion in the original action, provided notice is provided to the opposing party. The court in *Von Hake* stated that "Utah law treats a renewal action, at least in other contexts, as merely a continuation of the original proceeding and not as a new and independent action." 858 P.2d at 196 (citing *Barber v. Emporium Partnership*, 800 P.2d 795, 797 (Utah 1990), and citing cases from other jurisdictions which hold that renewal actions are merely continuations of the original action). Therefore, we agree with the district court's reasoning in its opinion, and conclude that it properly allowed McCarthy to renew her judgment by motion and notice to Johnson.

AFFIRMED.

172 F.3d 63 (Table), 1999 WL 46703 (10th Cir.(Utah)), 1999 CJ C.A.R. 620 Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 98-4003 (Docket) (Jan. 06, 1998)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

RECEIVED
DEC 4 1997
OFFICE OF JUDGE
DAVID SAM

FILED
U.S. DISTRICT COURT
97 DEC -3 P 9: 05
DISTRICT OF UTAH
RECEIVED CLERK
DEC 03 1997
BY: _____ DEPUTY CLERK
U.S. DISTRICT COURT

Joseph E. Tesch (3219)
Dwayne A. Vance (7109)
TESCH, THOMPSON & FAY, L.C.
P.O. Box 3390
314 Main Street, Suite 201
Park City, Utah 84060-3390
  Telephone: (801) 649-0077

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

----ooOoo----

| | |
|---|---|
| HELEN DIANE McCARTHY, an individual, | : ORDER RE: RENEWAL OF JUDGMENT |
| Plaintiff, | : |
| vs. | : |
| MICHAEL HEATH JOHNSON, an individual, | : CIVIL NO. 2:87-CV-0944-S |
| | : JUDGE DAVID SAM |
| Defendant. | : |

----ooOoo----

Plaintiff's motion to renew judgment has been submitted to the Court for a decision based on the pleadings. Counsel of record for Defendant, Michael Heath Johnson, has filed a responsive memorandum in opposition thereto. Based upon the pleadings in this case, the memoranda, exhibits, facts, and pursuant to the Memorandum Decision regarding this same matter issued herein on November 21, 1997,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

dav c:\clients\mccarthy.dia\renewal.ord          -1-

1. Plaintiff's motion to renew judgment is granted.

2. The judgment previously entered herein on August 6, 1990, against Defendant, Michael Heath Johnson, in the principal amount of $6,243,738.00, is hereby renewed in an amount equal to the principal amount of the judgment, plus accrued interest to date at the annual rate of 7.88%[1], for a total amount of $9,848,191.50[2] as of December 3, 1997, plus an additional $1,347.96[3] per day for every day after December 3, 1997 until the entry of this Order.

3. From the date of entry of this Order, interest shall begin to accrue on the total amount of the judgment as renewed.

DATED this _16th_ day of December, 1997.

                              David Sam
                              Chief Judge,
                              U.S. District Court, Utah

---

[1] The interest rate applicable to the August 6, 1990 judgment is 7.88%, as set by the Director of the Administrative Office of the United States Courts pursuant to 28 U.S.C.A. § 1961.

[2] The $9,848,191.50 figure was calculated as follows:

interest: 08/06/90 to 08/06/97 = .0788 * $6,243,738 * 7 years = $3,444,045.88

interest: 08/07/97 to 12/03/97 = .0788 * $6,243,738 / 365 days * 119 days = $160,407.62

$6,243,738 + $3,444,045.88 + $160,407.62 = $9,848,191.50

[3] .0788 * $6,243,738 / 365 days = $1,347.96 per day

dsv c:\clients\mccarthy.dia\renewal.ord      -2-

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 1997 I caused a true and correct copy of the foregoing proposed Order Re: Renewal of Judgment to be sent by United States Mail, postage prepaid, to the following:

>Kevin J. Kurumada
>Attorney at Law
>336 S. 300 E., Suite 200
>Salt Lake City, Utah  84111
>
>Judd Burstein
>Robert N. Fass
>BURSTEIN & FASS  LLP
>99 Park Avenue
>New York, New York  10016
>
>Paul T. Moxley
>MOXLEY, JONES & CAMPBELL
>111 E. Broadway, Suite 880
>Salt Lake City, Utah  84111

_____

dav c:\clients\mccarthy.dia\renewal.ord          -3-

klh

United States District Court
for the
District of Utah
December 17, 1997

* * MAILING CERTIFICATE OF CLERK * *

Re:  2:87-cv-00944

True and correct copies of the attached were mailed by the clerk to the following:

Paul T. Moxley, Esq.
MOXLEY JONES & CAMPBELL
111 E BROADWAY STE 880
SALT LAKE CITY, UT  84111

Judd Burstein, Esq.
99 Park Avenue
New York, NY  10016

Mr. Kevin J Kurumada, Esq.
336 S 300 E STE 200
SALT LAKE CITY, UT  84111
FAX 9,3221628

Mr. Joseph E Tesch, Esq.
TESCH THOMPSON & FAY LC
PO BOX 3390
PARK CITY, UT  84060-3390

Robert D. Moore, Esq.
GIAUQUE CROCKETT BENDINGER & PETERSON
170 S MAIN STE 400
SALT LAKE CITY, UT  84101-1664