Joseph E. Tesch (3219)
Tesch Law Offices
314 Main Street, 2nd Floor
Park City, UT 84060
Telephone: (435) 649-0077
Facsimile: (435) 649-2561

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HELEN DIANE McCARTHY, also known as Helen Diane McCarthey, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL HEATH JOHNSON, an individual, ROLLING STONE (PTY) LTD., ROLLING STONE (S.A.), JOHNSON GENEVA (USA) LTD., AND ALL PREDECESSOR AND SUCCESSOR COMPANIES,<br><br>Defendants. | **MOTION AND MEMORANDUM TO RENEW JUDGMENT**<br><br>Civil No. 87-cv-0944-S<br><br>JUDGE DAVID SAM |

COMES NOW HELEN DIANE McCARTHY, Plaintiff, by and through her counsel of record, Tesch Law Offices, who moves pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and § 78B-6-1802 of the Utah Code Annotated, to renew a judgment ordered by this Court on the 6th day of August 1990 (and subsequently renewed on the 17th day of December 1997 and January 10, 2006), in the principal amount of $6,243,738.00, plus interest through the date of its renewal in 2006 in the amount of $14,212,066.62 up to and including December 31,

2013, for the total amount of $20,650,121.97 as of December 31, 2013, plus $2211.63 for each day thereafter, against Defendant, MICHAEL HEATH JOHNSON.

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, the law of the state in which the United States District Court is located governs "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution…except that any statute of the United States governs to the extent that it is applicable." No federal statute sets forth the time period during which a federal judgment is enforceable. Consequently, Utah law applies to the duration of federal judgments issued by this court. McCarthy v. Johnson, 35 F.Supp.2d 846, 847 (D. Utah 1997).

Section 78B-2-311 of the Utah Code Annotated sets forth an eight year statute of limitations for actions "upon a judgment or decree *of any court of the United States*, or of any state or territory within the United States." (Emphasis added.) Although Utah law defines the limitations period for an action of a federal judgment, this Court retains jurisdiction to enforce and/or renew the prior judgment. In Utah, a renewal of judgment may "proceed by motion with appropriate service on the judgment debtor." McCarthy, 35 F.Supp.2d at 848, *aff'd*, No. 98-4003 (CA-10/DU, Feb. 3, 1999) (see "Exhibit A," attached).

Plaintiff previously effectively renewed the August 6, 1990 judgment by a Motion to Renew Judgment, which was filed December 17, 1997. McCarthy, 35 F. Supp.2d at 849. Since Plaintiff's Motion to Renew Judgment was commenced prior to August 6, 1998 (the eight year statute of limitations), the order entered by this Court effectively renewed the judgment. Id. Likewise, Plaintiff also renewed the Judgment in 2006 by filing a Motion to Renew on

December 16, 2005 which was entered by this Court on January 10, 2006, since the Plaintiff's current Motion to Renew Judgment is commenced prior to January 10, 2014, (the eight year statute of limitations), any order entered by this Court, even after the expiration of the statute of limitations, will effectively renew the judgment. See Michael v. Smith, 221 F.2d 59, 61 (D.C. Cir. 1955). Furthermore, the principal amount of the renewed judgment is equal to the unpaid balance of the judgment, plus interest through the date of its renewal, plus costs; from the date of renewal, interest will then accrue on the principal amount of the renewed judgment. See United States v. Hannon, 728 F.2d 142, 143 (2nd Cir. 1984).

No payment whatsoever has been made by Defendant, Michael Heath Johnson, on the August 6, 1990 judgment. Therefore, Plaintiff respectfully requests judgment be renewed in the amount of $20,650,121.97[1] as of December 31, 2013 plus $2211.63 per day thereafter, which total amount represents the following: renewed judgment amount up to and including January 10, 2006, in the amount of $14,212,066.62[2],(judgment amount of $14,176,658.46 plus interest to January 10, 2006 of $35,408.16[3]); accrued interest at the rate of 5.468%, from January 11, 2006 to December 31, 2013 up to and including December 31, 2013 in the amount of $6,438,055.35[4], plus $2211.63 per day each day after December 31, 2013 until the judgment is renewed.

---

1 $14,176,658.46 + $35,408.16 + $6,438,055.35 = $20,650,121.97
2 See "Exhibit B," Order re: Renewal of Judgment, filed January 10, 2006
3 $1475.34 * 24 days (December 17, 2005 – January 10, 2006) = $35,408.16
4 January 11, 2006 – December 31, 2013 = 2,911 days
.05468 (interest rate) / 365 (days in a year) * $14,212,066.62 = $2,211.63 per day
2,911 * $2,211.63 = $6,438,055.35

3

DATED this 30th day of December, 2013

                              TESCH LAW OFFICES

                              Joseph E. Tesch
                              Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2013, I caused to be mailed by United States Mail, postage prepaid, the original copy of the forgoing to:

        Paul T. Moxley
        Durham Jones & Pinegar
        111 E. Broadway, Suite 900
        Salt Lake City, UT 84111

        Judd Burstein
        99 Park Avenue
        New York, NY 10016

        Kevin J. Kurumada
        3645 Fortuna Circle
        Salt Lake City, Utah 84124

4

# EXHIBIT A

35 F.Supp.2d 846
United States District Court,
D. Utah,
Central Division.

Helen Diane McCARTHY, an individual, Plaintiff,

v.

Michael Heath JOHNSON, an individual, Rolling Stone (PTY) Ltd., Rolling Stone (S.A.), Johnson Geneva (USA) Ltd., and all predecessor and successor companies, Defendant.

No. 2:87–CV–0944–S.   |   Nov. 24, 1997.

Following entry of original judgment, judgment creditor moved to renew judgment against debtor. The District Court, Sam, Chief Judge, held that creditor was entitled to renew judgment by motion in original action, rather than by bringing new, separate action.

Motion granted.

West Headnotes (1)

[1]     Judgment
         Motions to Revive Judgment

Under Utah law, judgment creditor was entitled to renew judgment by motion in original action, rather than by bringing new, separate action, since creditor was seeking to prevent judgment's lapse, not to enforce, collect, or expand judgment.

3 Cases that cite this headnote

Attorneys and Law Firms

*846 Joseph E. Tesch, Dwayne A. Vance, David B. Thompson, Tesch Thompson & Ray, Park City, Robert D. Moore, Giauque Crockett Bendinger & Peterson, David A. Cutt, *847 Dewsnup King & Olsen, Salt Lake City, UT, for Plaintiff.

Paul T. Moxley, Moxley & Campbell, Kevin K. Kuramada, Robert S. Howell, Salt Lake Co. Attorney's Office, Loren D. Ronnow, Salt Lake City, UT, Judd Burstein, Robert N. Fass, New York City, for Defendant.

Opinion

**MEMORANDUM DECISION**

SAM, Chief Judge.

The court has before it plaintiff's motion to renew judgment pursuant to Fed.R.Civ.P. 69(a) and Utah Code Ann. § 78–12–22. By her motion, plaintiff seeks to renew the judgment she obtained against defendant Michael Heath Johnson on August 6, 1990 in the principal amount of $6,243,738.00 plus applicable interest. Mr. Johnson opposes the motion asserting that "since a request to renew a judgment is not a motion 'in aid of execution' of a judgment, Rule 69 does not authorize the relief sought". Defendant's Memorandum in Opposition, p. 2. Mr. Johnson further urges that, even if the court were authorized to renew the judgment pursuant to Rule 69, plaintiff's motion must still fail "because Utah law prohibits such renewal unless the plaintiff first secures personal jurisdiction over the defendant by the service of a new summons and complaint." *Id.*

The court disagrees with defendant's assertion that Rule 69 does not authorize the relief sought by plaintiff.

> The governing law relating to the revival of judgments derives from statutes pertaining to execution. The law pertaining to money judgments is found in Fed. R. Civ. Pro. 69(a), which provides in pertinent part:
>
> > Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

*Urban Resorts Group v. Wheeler,* No. 82–2470, 1996 WL 28507 (E.D.La. Jan.22, 1996). *See United States v. Fiorella,* 869 F.2d 1425 (11th Cir.1989)(reasoning that, pursuant to Rule 69(a), Alabama law governed issue of revival of judgment). *See also* Fed.R.Civ.P. 81(b) ("Relief heretofore

available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules"). "The relief formerly available by scire facias included the revival of judgments ...". 12 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 3134 (1997). The court is of the view that plaintiffs' motion pursuant to Rule 69 is an appropriate action under that rule. In any event and regardless of the specific rule cited by plaintiff, it appears clear to the court that revival of a judgment is relief available to plaintiff that she may pursue in this court by complying with Utah law. See *Donellan Jerome, Inc. v. Trylon Metals, Inc.,* 11 Ohio Misc. 265, 270 F.Supp. 996, 998 (N.D.Ohio 1967)("A proceeding to revive a judgment is not a new action but merely a motion in the original suit .... Unless a federal statute provides otherwise, the practice relative to the revival of dormant judgments is to be governed by state law"). The court is unaware of any federal statute that is applicable to the present situation. Utah law provides: "An action may be brought within eight years: (1) upon a judgment or decree of any court of the United States ...." Utah Code Ann. § 78–12–22. The foregoing Utah statute does not bar renewal or revival of a judgment by filing an action within the prescribed period. *Mason v. Mason,* 597 P.2d 1322 (Utah 1979).

Plaintiff contends that "[e]ither a motion to renew the judgment or an action for judgment on the outstanding balance of the prior judgment have become the common methods of renewing federal judgments." Plaintiff's Memorandum in Support, p. 2. As noted, absent a conflicting federal statute, Rule 69 proceedings are governed by the law of the state in which the district court resides. Defendant contends that Utah law provides that a judgment may be renewed only by commencing *848 a separate action through the filing and service of a separate complaint. The essence of defendant's position is that, for plaintiff to proceed with her renewal of judgment, the court must again have personal jurisdiction over him. As an alternative to renewal of her judgment by motion, plaintiff has filed a complaint for renewal of judgment under the same case number as the prior proceeding in which the judgment was entered. She states that she is willing to proceed to renew either by motion or complaint.

The procedure for reviving a judgment in Utah is not clear. The court is unaware of any Utah statute that directly addresses the matter. In the Utah case opinions surveyed by the court, renewal of a judgment has apparently proceeded by the filing of a complaint and its service on the judgment debtor. See e.g. *Barber v. Emporium Partnership,* 800 P.2d 795 (Utah 1990); *Cox Corp. v. Vertin,* 754 P.2d 938 (Utah 1988); *Guenther v. Guenther,* 749 P.2d 628 (Utah 1988); *Orton v. Adams,* 21 Utah 2d 245, 444 P.2d 62 (Utah 1968); *Campbell v. Peter,* 108 Utah 565, 162 P.2d 754 (Utah 1945). Indeed, there is the suggestion in Utah case authority that there are only two basic legal proceedings available on a money judgment, a law suit for a new judgment, or an execution proceeding to collect the judgment. See *Yergensen v. Ford,* 16 Utah 2d 397, 402 P.2d 696, 698 (Utah 1965)(in the context of holding that partial payment on a judgment lien within eight years did not extend the lien, the court stated: "A money judgment forms the basis for but two legal proceedings: (1) a suit thereon, brought within eight years, wherein it forms the basis or chose in action for a new judgment, or (2) some form of proceeding in execution for collection."). However, in view of the following discussion, which the court believes to be the most recent published pronouncement of a Utah court on the subject, the court can see no sound reason why a renewal of judgment may not proceed by motion with appropriate service on the judgment debtor.

Thomas first argues that an action to renew a judgment is an action separate from the action out of which the judgment arose.

. . . . .

Thomas urges this court to consider a renewal proceeding a separate action because it is commenced by the filing of a new complaint and summons. See Utah R. Civ. P. 3(a). We refuse to do so. It is clear in the instant case that the renewal judgment appealed from arises, ultimately, from the same cause of action that culminated in the original judgment. Thus, we could consider the renewal action a collateral proceeding .... However, we believe the better line of reasoning, which is followed by Utah and the majority of American jurisdictions, treats a renewal action as simply a continuation of the original proceeding.

Under Utah law, "[a] renewal is not an attempt to enforce, collect, or expand the original judgment." *Barber v. Emporium Partnership,* 800 P.2d 795, 797 (Utah 1990)(holding that an action to renew a judgment against a debtor does not violate the automatic stay provisions of the Bankruptcy Code). Instead, in seeking to renew a judgment, a party is "only trying to maintain the status quo by preventing the judgment's lapse under the statute of limitations." *Id.* Accordingly, Utah law treats a renewal

action, at least in other contexts, as merely a continuation of the original proceeding and not as a new and independent action.

The adherence of American jurisdictions to this position is unmistakable in cases dealing with questions of in personam jurisdiction. *See, e.g., Bank of Edwardsville v. Raffaelle,* 381 Ill. 486, 45 N.E.2d 651, 653 (1942)(action to renew a money judgment is not a new suit but a continuation of the old one); *Bahan v. Youngstown Sheet & Tube Co.,* 191 So.2d 668, 670 (La.App.1966)(proceeding to revive a money judgment entered against a nonresident judgment debtor is not a new action but is only a proceeding to continue the original action); *State v. Kirkwood,* 361 Mo. 1194, 239 S.W.2d 332, 334 (1951)(en banc)(action to revive a divorce is not a new action but is merely a continuation of and supplementary to the original proceeding); *Kronstadt* **\*849** *v. Kronstadt,* 238 N.J.Super. 614, 570 A.2d 485, 487–88 (1990)(process to revive a judgment for support arrearages and partial property settlement is simply a continuation of the original action); *Berly v. Sias,* 152 Tex. 176, 255 S.W.2d 505, 508 (1953)(action to renew a money judgment is not an independent suit but merely a continuation of the original suit); *Duffy v. Hartsock,* 187 Va 406, 46 S.E.2d 570, 574 (1948)(proceeding to revive a judgment lien against real estate is to be treated as a continuation of the original suit). Likewise, the connection between the original action and the renewal action in the instant case is simply too close to ignore merely because a new complaint is filed and a new civil number assigned to the renewal action.

It is immaterial whether we designate a renewal proceeding as a continuation of the original proceeding or as a collateral order.

*Von Hake v. Thomas,* 858 P.2d 193, 196 (Utah App.) *cert. granted,* 868 P.2d 95 (1993), *opinion after remand on other grounds,* 881 P.2d 895 (Utah App.1994). Given what the court believes to be the present posture of Utah law on the subject, the court cannot say that the procedure followed by plaintiff is improper. To conclude otherwise would exalt form over substance. *Polk v. Tully,* 97 Nev. 27, 623 P.2d 972 (Nev.1981). Moreover, in those states with statutes "[i]t appears that most statutes provide for revival by a motion in the original action". *Id.* 632 P.2d at 973 n. 3.

The court, therefore, having considered plaintiff's motion to renew judgment and there being no dispute as to the judgment being valid, or having been satisfied in whole or in part or otherwise discharged, the motion is granted. *See United States v. Plant,* 56 F.R.D. 613, 615 (W.D.Ark.1972)("Generally defenses available in motions to revive a judgment are that there is no judgment to revive, that the judgment has been paid or otherwise discharged, or that the judgment is void"). Plaintiff is requested to prepare an appropriate order for the court's signature.

End of Document                                              © 2013 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B

```
                           FILED                RECEIVED CLERK
                   CLERK, U.S. DISTRICT COURT
                                                   DEC 20 20__
                      2006 JAN 10  P 2:40
                                                U.S. DISTRICT COURT
                       DISTRICT OF UTAH

                       BY:_____
                          DEPUTY CLERK
```

Joseph E. Tesch (3219)
Tesch Law Offices
314 Main Street, 2nd Floor
Park City, UT 84060
Telephone:    (435) 649-0077
Facsimile:    (435) 649-2561

*Attorneys for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HELEN DIANE McCARTHY, also known as Helen Diane McCarthey, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL HEATH JOHNSON, an individual, ROLLING STONE (PTY) LTD., ROLLING STONE (S.A.), JOHNSON GENEVA (USA) LTD., AND ALL PREDECESSOR AND SUCCESSOR COMPANIES,<br><br>Defendants. | **ORDER RE: RENEWAL OF JUDGMENT**<br><br>Civil No. 87-C-0944-S<br><br>JUDGE DAVID SAM |

Plaintiff's motion to renew judgment has been submitted to the Court for a decision based on the pleadings. Based upon the pleadings in this case, the memoranda, exhibits and facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Plaintiff's motion to renew judgment is granted.

2. The judgment previously entered herein on August 6, 1990, against Defendant, Michael Heath Johnson, in the principal amount of $6,243,738.00, is hereby renewed in an amount equal to the principal amount of the judgment, plus accrued interest to date, for a total amount of $14,176,658.46[1] as of December 17, 2005, plus an additional $1,475.34[2] per day for every day after December 17, 2005 until the entry of this Order.

3. From the date of entry of this Order, interest shall begin to accrue on the total amount of the judgment as renewed.

DATED this _5_ day of ~~December~~ January, 200~~5~~6.

David Sam
Chief Judge,
U.S. District Court, Utah

---

[1] The $14,176,658.46 figure was calculated as follows:
renewed judgment amount as of 12/03/97 of $9,848,191.50
interest: 12/04/97 to 12/16/97 = .0788 * $6,243,738 / 365 days * 13 days = $17,523.48
interest: 12/17/97 to 12/17/05 = .05468 * $9,848,191.50 / 365 days * 2,922 days = $4,310,943.48
$9,848,191.50 + $17,523.48 + $4,310,943.48 = $14,176,658.46

[2] .05468 * / 365 days * $9,848,191.50 = $1,475.34 per day
The interest rate applicable to the December 17, 1997 renewal of judgment is .05468, as set by the Director of the Administrative Office of the United States Courts pursuant to 28 U.S.C.A. § 1961.

2

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that on December _____, 2005, I caused to be mailed by United States Mail, postage prepaid, the original copy of the forgoing to:

Paul T. Moxley, Esq.
HOLME ROBERTS & OWEN
299 S. Main Street, Ste. 1800
Salt Lake City, UT 84111

Judd Burstein, P.C.
1790 Broadway, Suite 1501
New York, NY 10019

Kevin J. Kurumada, Esq.
150 South 600 East, #5C
Salt Lake City, UT 84102

Joseph E. Tesch, Esq.
Tesch Law Offices, P.C.
314 Main Street
P.O. Box 3390
Park City, Utah 84060

_____

Certificate of Service

I hereby certify that on the _19_ day of December, 2005, I caused to be mailed, via first class mail, postage prepaid, a true and correct copy of the foregoing Order Re: Renewal of Judgment, to:

>   Paul T. Moxley, Esq.
>   HOLME ROBERTS & OWEN
>   299 S. Main Street, Ste. 1800
>   Salt Lake City, UT  84111
>
>   Judd Burstein, P.C.
>   1790 Broadway, Suite 1501
>   New York, NY  10019
>
>   Kevin J. Kurumada, Esq.
>   150 South 600 East, #5C
>   Salt Lake City, UT  84102